Jase DePaul Gautreaux
Reg. No. 17649-579
Federal Correctional Institution
4001 Leopard Drive
Post Office Box 7000
Texarkana, TX 75505
903-838 4587

DEFENDANT PRO SE

United States Courts
Southern District of Texas
F I L E D

MAY 1 9 2022

Nathan Ochsner, Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Crim. No. 4:21-CR-047 |
| | ) |
| JASE DEPAUL GAUTREAUX, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S TRAVERSE TO GOVERNMENT'S RESPONSE
## TO HIS MOTION FOR REDUCTION OF SENTENCE
## PURSUANT 18 U.S.C. § 3582(c)(1)(A)

Last Friday, the Biden administration warned the nation could see 100
million COVID infections and a potentially significant wave of deaths this fall and
winter, driven by new omicron subvariants able to overcome vaccines and natural
immunity.[1] This prediction comes as the Bureau of Prisons' (BOP) COVID medical
care is subjected to fresh criticism. Healthcare news outlet Stat reported last week

---

[1]    https://www.washingtonpost.com/health/2022/05/06/fall-winter-coronavirus-wave/

that since November 2020, the BOP has "used just a fraction of the antiviral drugs they were allocated to keep incarcerated people from getting seriously ill or dying of Covid-19."[2] Stat said internal records show the BOP used less than 20% of the stock "of the most effective antiviral drugs for treating COVID."

Defendant, JASE DEPAUL GAUTREAUX, respectfully submits the following traverse to the "Government's Response Objection to Re-litigation of Sentencing Factors Under 18 U.S.C. § 3582." The Government completely misconstrued defendant's motion. The defendant moved the Court for compassionate release and reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b)(1) of the First Step Act of 2018. The defendant presented extraordinary and compelling reasons to the Court.

## 18 U.S.C. § 3582(c)(2)

The Government states "[t]he defendant claims that the First Step Act alters his sentence." (ECF 77 at *1). No place in defendant's motion does he claim the First Step Act altered his sentence. The Government goes on to state "[t]his is NOT the case and 18 U.S.C. § 3582(c)(2) only applies to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, as with 'crack' cocaine cases." *Id.* The Government has misconstrued the case completely. At no time did defendant invoke § 3582(c)(2). In footnote 1 the Government states "18 U.S.C. § 3582(c) states that a court may not modify a term of

---

[2]   https://www.statnews.com/2022/05/05/prisons-paxlovid-incarcerated-people-covid-19/

imprisonment once it is imposed except in extraordinary and compelling cases."
(ECF 77 at *1 n.1). The Government goes on to state "[h]e fails to cite authority to
support his claim and he does not qualify for a modification of his sentence under 18
U.S.C. § 3582(c)(2)." *Id.* at *1. The defendant never submitted any authority
pursuant to § 3582(c)(2) due to the fact he did not file for reduction pursuant to this
statute.

### 18 U.S.C. § 3582(c)(1)(A)

It is the Government's position defendant filed his § 3582(c)(1)(A) motion
"due to potential health issues." (ECF 77 at *2). The Government has taken the
position AIDS is a "potential health issue." The defendant presented extraordinary
and compelling evidence in his motion for reduction of sentence pursuant to §
3582(c)(1)(A) in that he has end-stage AIDS from which he will never recover (ECF
75 at *8-9). The defendant is suffering from a serious physical or medical condition
that "substantially diminishes [his] ability ... to provide self-care within the
environment of a correctional facility and from which he [ ] is not expected to
recover." U.S.S.G. § 1B1.13 Application Note 1(A)(i). The defendant is not able to
obtain his medical records from the BOP and requests the appointment of counsel to
obtain these records.[3] As an officer of the court, counsel will be able to obtain
defendant's medical records from the BOP.

---

[3]     Defendant was able to obtain verification that he is HIV positive.
*Exhibit* 1 (BOP Medical Records).

Defendant quoted case law supporting his position that AIDS is an extraordinary and compelling reason to grant compassionate release. *United States v. Mason*, 2020 U.S. Dist. LEXIS 100704, at *4, 2020 WL 3065303 (S.D. Miss. June 9, 2020) ("It is undisputed that persons with HIV or AIDS are among those most susceptible to developing serious medical complications from the infection."); *United States v. Figueroa*, 2022 U.S. Dist. LEXIS 11870, at *4, 2022 WL 167536 (W.D. N.Y. Jan. 18, 2022); *United States v. Trent*, 2020 U.S. Dist. LEXIS 62790, at *5, 2020 WL 1822242 (N.D. Calif. Apr. 9, 2020); *United States v. Doles*, 2020 U.S. Dist. LEXIS 241354, at *2, 2020 WL 7634584 (E.D. Va. Dec. 22, 2020); *United States v. Moody*, 2020 U.S. Dist. LEXIS 129946, at *3, 2020 WL 4059766 (S.D. Fla. June 16, 2020); *United States v. Figueroa*, 2022 U.S. Dist. LEXIS 11870, at *4, 2022 WL 167536 (W.D. N.Y. Jan. 19, 2022). Acquired immunodeficiency syndrome (AIDS) is defined as an HIV infection with either a $CD4^+$ T cell count below 200 cells per µL or the occurrence of specific diseases associated with HIV infection. "'A healthy immune system normally has a CD4 count ranging from 500 to 1400 cells per cubic millimeter of blood.'" *United States v. Carter*, 2020 U.S. Dist. LEXIS 131346, 2020 WL 4194014, at *2 n.4 (S.D. Ga. July 21, 2020)) (citing www.webmd.com/hiv-aids/cd4-count-what-does-it-mean). "At levels below 200, a person becomes susceptible to opportunistic infections.'" *Id.* People with certain underlying medical conditions might be at an increased risk for severe illness from COVID-19, including those in an immunocompromised state from HIV. (CDC Coronavirus Disease 2019 (COVID-19) Website, available at http://www.cdc. gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions. html? CDC AA refVal=. See *HIV and Opportunistic Infections, Coinfections, and*

*Conditions*, National Institute Health. aidsinfo.nih.gov/ understanding-hiv-aids/fact-sheets/26/86/what-is-an-opportunistic-infection. See *AIDS and Opportunistic Infections*, Center for Disease Control (July 2020). https://www. cdc.gov/hiv/basics/livingwithhiv/opportunisticinfections.html.

The medical department at FCI Texarkana refuses to prescribe for defendant the medication Triumeg (generic name: abacavir, dolutegravir, and lamivudine) because of cost, and the institution wants to prescribe Biktarvy because it is cheaper. Biktarvy has made defendant sick in the past and defendant's physician in Houston discontinued its use when defendant had major reactions from the medication. The Healthcare Administrator at FCI Texarkana informed defendant if he catches COVID, he has little chance of surviving.

The petitioner made a request to the Warden at FCI Texarkana for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on his serious medical ailment. On March 16, 2022, the Warden denied the request (ECF 75 at 2). The legislative intent behind passing the First Step Act was to promote rehabilitation, "unwind decades of mass incarceration," and increase the use and transparency of compassionate release. *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Having exhausted his administrative remedies, the defendant requests this Court to exercise its discretion to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act. The First Step Act imbues the court with broad discretion to determine what constitutes extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Before

5

the enactment of the First Step Act, defendants were precluded from moving for sentence reductions based on extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). Only the BOP director could move for such a reduction. Section 603 of the First Step Act amended § 3582(c)(1) to permit a sentence reduction upon a motion by a defendant who has exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). The statute now permits a court to grant, upon a defendant's motion and after consideration of the applicable sentencing factors in 18 U.S.C. § 3553(a), a sentence reduction if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But there is no policy statement applicable to motions for compassionate release filed by defendants under the First Step Act. *United States* v. *Beck*, 425 F. Supp. 3d 573, 579 (M.D. N.C. June 28, 2019). By its terms, the old policy statement applies only to motions filed by the BOP and does not mention motions filed by defendants. *Id.* (citing U.S.S.G. § 1B1.13, comment. n. 4). The old policy statement no longer fits with the statute and thus does not comply with the congressional mandate to guide the appropriate use of § 3582(c)(1)(A). *United* States *v. Cantu*, 423 F. Supp. 3d 345, 350-51 (S.D. Tex. June 17, 2019).

The Government's relies on U.S.S.G. § 1B1.13 as its standard. (ECF 77 at 2-3). The Government admitted this standard is met if defendant is "suffering from a serious physical or medical condition." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). (ECF 77 at

3). There is no question but what AIDS is a serious medical condition. The Government never once mentioned in its response the fact defendant has AIDS.

The United States Court of Appeals for the Fifth Circuit has held absent updated guidance from the Sentencing Commission, the First Step Act, allows a district court to consider extraordinary and compelling reasons to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). The fact defendant has advanced AIDS supports extraordinary and compelling justification to grant this motion.

It is the Government's position "[t]he Defendant's motion fails to address the obvious benefits received by inmates who have access to the COVID vaccines and better health care than most of the general public." (ECF 77 at 3-4). The Government failed to support this statement with any supporting facts and documentation. In *United States v. Brunetti*, 2022 U.S. Dist. LEXIS 4604, 2022 WL 92753, at *4 (S.D. N.Y. Jan. 10, 2022) the Court held "[i]n light of the rapid spread of the Omicron variant and its partial resistance to the COVID-19 vaccines, the Court . . . concludes that [movant] has established that extraordinary and compelling circumstances' support his release." In *United States v. Rose,* 2022 U.S. Dist. LEXIS 706, 2022 WL 19174, at *1 (S.D. N.Y. Jan. 3, 2022), the Court held "the COVID-19 pandemic, including the wildly contagious Omicron variant, constitutes an extraordinary and compelling reason to grant the requested relief." In *United States v. Schumack*, 2020 U.S. Dist. LEXIS 134766, at *5-6, 2020 WL 4333526 (S.D. Fla. June 11, 2020), the Court held "Courts around the country have recognized

that the risk of COVID-19 to people held in jails and prisons 'is significantly higher than in the community, both in terms of risk of transmission, exposure, and harm to individuals who become infected.'" See *United States v. Williams*, 2020 U.S. Dist. LEXIS 63824, 2020 WL 1751545, at *2 (N.D. Fla. Apr. 1, 2020) (quoting *Basank v. Decker*, 449 F. Supp. 3d 205 (S.D. N.Y. 2020), and citing *United States v. Harris*, 451 F. Supp. 3d 64 (D. D.C. 2020)); *United States v. Campagna,* 2020 U.S. Dist. LEXIS 54401, 2020 WL 1489829, at *2 (S.D. N.Y. Mar. 27, 2020); *Castillo v. Barr*, 449 F. Supp. 3d 915 (C.D. Calif. 2020); *United States v. Kennedy*, 449 F. Supp. 3d 713 (E.D. Mich. 2020); *United States v. Garlock*, 2020 U.S. Dist. LEXIS 53747, 2020 WL 1439980, at *1 (N.D. Calif. Mar. 25, 2020).

In the interest of justice, the Court should grant defendant's motion in that he has presented extraordinary and compelling circumstances. There is no cure for AIDS, and defendant is not receiving adequate care in the BOP.[4] The Bureau of Prisons does not have a treatment regimen for inmates who have AIDS, and the Government did not mention the fact defendant also suffers from hepatitis B, syphilis, and asthma.

Respectfully submitted,

Jase DePaul Gautreaux
Defendant pro se

---

[4]    Two inmates were granted compassionate release last week due to inadequate care. *United States v. Wood,* Case 18-cr-599 (ECF 161) (D. Oregon May 5, 2022); *United States v. Charlemagne,* Case 18-cr-181 (ECF 98) (D. Conn. May 6, 2022).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury I placed a copy of
DEFENDANT'S TRAVERSE TO GOVERNMENT'S RESPONSE TO HIS MOTION
FOR REDUCTION OF SENTENCE PURSUANT 18 U.S.C. §3582(c)(1)(A) in the
United States Mail, first class postage affixed, addressed to:

Jim McAlister
Assistant United States Attorney
1000 Louisiana, Suite 2300
Houston, TX 77002

for the purpose of service herein. 28 U.S.C. § 1746.

Jase DePaul Gautreaux



Federal
Bureau of
Prisons

# FMC Butner
1000 Old Highway NC 75
Butner, NC 27509
919-575-3900 x5707

*** Sensitive But Unclassified ***

| | | |
|---|---|---|
| **Name** GAUTREAUX, JASE | **Facility** FCI Texarkana | **Collected** 02/22/2022 07:48 CST |
| **Reg #** 17649-579 | **Order Unit** C01-005L | **Received** 02/23/2022 10:31 CST |
| **DOB** 07/24/1981 | **Provider** Garry  Allen, FNP | **Reported** 02/28/2022 11:35 CST |
| **Sex** M | | **LIS ID** 026222727 |

## HIV

HIV-1/2 Ab Differentiation        A        HIV-1 Positive        HIV Antibody Negative
GEENIUS

---

**FLAG LEGEND**    L=Low   L!=Low Critical   H=High   H!=High Critical   A=Abnormal   A! =Abnormal Critical



Jase Gautreaux 17649-579
FCI Texarkana
4001 Leopard Dr
Texarkana, Tx 75501

CERTIFIED MAIL

7011 2970 0004 0393 1047

United States District Court
515 Rusk St.
Ste 5300
Houston, Texas 77002

United States Courts
Southern District of Texas
FILED
MAY 19 2022
Nathan Ochsner, Clerk of Court